UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-mj-8441-RMM

UNITED STATES OF AMERICA

vs.

RYAN WESLEY ROUTH,

      Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No.

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No.

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No.

                                                               Respectfully submitted,

                                                                MARKENZY LAPOINTE
                                                                UNITED STATES ATTORNEY

By:   /s/ Mark Dispoto_____
        Mark Dispoto
        Assistant United States Attorney
        Southern District of Florida
        500 S. Australian Avenue, Suite 400
        West Palm Beach, FL 33401
        Court Id. No. A5501143
        Office: (561) 209-1032
        Email: mark.dispoto@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>RYAN WESLEY ROUTH,<br>Defendant(s) | Case No.  24-mj- 8441   RMM |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 15, 2024__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Possession of a firearm by a prohibited person – convicted felon |
| 18 U.S.C. § 922(k) | Possession of a firearm with an obliterated serial number |

This criminal complaint is based on these facts:

See attached affidavit in support of criminal complaint

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Mark A. Thomas, Special Agent, FBI
*Printed name and title*

Sworn to and signed before me by
Telephone (Facetime) per
Fed. R. Crim. P. 4(d) & 4.1

Date:  09/16/2024

_____
*Judge's signature*

City and state:  West Palm Beach, Florida

Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT
## OF CRIMINAL COMPLAINT

Your affiant, Mark A. Thomas, being first duly sworn, does hereby depose and state as follows:

### Introduction

1. I am employed as a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been so employed for approximately 20 years. In my duties as a Special Agent, I am assigned to the FBI's Miami Field Office, West Palm Beach Resident Agency. I am currently assigned to the Joint Terrorism Task Force. As a Special Agent, I am authorized by law or by a government agency to engage in or supervise the prevention, detention, investigation, or prosecution of violations of Federal criminal law.

2. I make this Affidavit in support of a criminal complaint charging **RYAN WESLEY ROUTH** (hereinafter, "ROUTH"), with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), and possession and receipt of a firearm with an obliterated serial number, in violation of Title 18, United States Code, Section 922(k).

3. The facts contained in this Affidavit come from my personal knowledge, training, and experience, as well as information obtained during the investigation from other members of law enforcement. Because this Affidavit is submitted for the limited purpose of obtaining a criminal complaint and arrest warrant, it does not contain all the facts known to me about the investigation, but rather, only those facts I believe are necessary to establish probable cause for the offenses described above.

## PROBABLE CAUSE

4.	On September 15, 2024, former President of the United States Donald J. Trump was golfing at Trump International Golf Club in West Palm Beach (hereinafter, "Trump International"), located at 3505 Summit Boulevard, West Palm Beach, Florida, within Palm Beach County and the Southern District of Florida. At approximately 1:31 PM, a United States Secret Service ("USSS") Special Agent assigned to the former President's security detail was walking the perimeter of Trump International when the USSS Agent saw what appeared to be a rifle poking out of the tree line.

5.	The Agent fired his/her service weapon in the direction of the rifle. A witness saw a male, later identified as ROUTH, fleeing the area of the tree line and entering a Nissan sport utility vehicle. The witness then observed the Nissan leave the area at a high rate of speed.

6.	In the area of the tree line from which ROUTH fled, agents found a digital camera, two (2) bags, including a backpack, a loaded SKS-style, 7.62x39 caliber rifle with a scope, and a black plastic bag containing food. The serial number on the SKS-style rifle was obliterated and unreadable to the naked eye. Based upon my training and experience, I am aware that SKS-style 7.62x39 caliber rifles are not manufactured in the State of Florida. Therefore, I submit that there is probable cause to believe that the SKS-style rifle, which was seized from the tree line at Trump International, have previously traveled in



2

interstate or foreign commerce. The SKS-style rifle and other items recovered at the scene are depicted in the image above.

7. Officers from the Palm Beach County Sheriff's Office ("PBSO") and Martin County Sheriff's Office ("MCSO") located the Nissan as it traveled northbound on I-95. At approximately 2:14 PM, MCSO initiated a motor vehicle stop. The driver and sole occupant of the Nissan was ROUTH. Shortly after the motor vehicle stop, ROUTH was asked if he knew why he was being stopped; he responded in the affirmative. Officers noted that the license plate attached to the Nissan is registered to a 2012 white Ford truck and has been reported stolen.

8. During the course of the motor vehicle stop, law enforcement transported to the scene the witness who had previously observed ROUTH fleeing the area of the Trump International tree line and entering the Nissan sport utility vehicle. The witness identified ROUTH as the same individual he/she had previously seen entering the Nissan.

9. During their investigation, law enforcement also discovered a publicly viewable Facebook post from on or about July 10, 2024, in which ROUTH directed his followers to contact him on an instant messaging application (WhatsApp) at the following number: 1-\*\*\*-\*\*\*-8342. Database checks indicate that a mobile phone assigned call number 1-\*\*\*-\*\*\*-8342 is serviced by T-Mobile US, Inc. ("T-Mobile") and that ROUTH is the subscriber. Agents requested T-Mobile, on an emergency basis, to provide law enforcement with information pertaining to ROUTH's mobile phone usage. Those records indicated that ROUTH's mobile phone was located in the vicinity of the area along the tree line described above from approximately 1:59 AM until approximately 1:31 PM, on September 15, 2024.

10. A review of law enforcement indices reflected that, on or about December 20, 2002, ROUTH was convicted in Greensboro, North Carolina, of possession of a weapon of mass death

and destruction, in violation of Section 14-288.8 of the North Carolina General Statutes, a class "F" felony. Class F felonies in North Carolina are punishable by terms of up to 59 months' incarceration.

11. Law enforcement indices further reflected that, on or about March 3, 2010, ROUTH was convicted of multiple counts of possession of stolen goods, in violation of Section 14-71.1 of the North Carolina General Statutes, a class "H" felony. Class H felonies in North Carolina are punishable by terms of imprisonment of up to 39 months' incarceration.

## CONCLUSION

12. On the basis of the foregoing, your affiant respectfully submits that probable cause exists to charge **RYAN WESLEY ROUTH** with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), and possession and receipt of a firearm with an obliterated serial number, in violation of Title 18, United States Code, Section 922(k).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Mark A. Thomas
Special Agent
FBI

Attested to me telephonically (via FaceTime) by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 this 16 day of September 2024.

HON. RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 24-mj -8441 -RMM

## BOND RECOMMENDATION

DEFENDANT: RYAN WESLEY ROUTH

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Mark Dispoto

Last Known Address: Palm Beach County Jail

What Facility:

Agent(s): Mark A. Thomas, S/A
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
FBI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

CASE NO. 24-mj-8441-RMM

**Defendant's Name: RYAN WESLEY ROUTH**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
|  | Possession of a Firearm by a Prohibited Person – Convicted Felon | 18 U.S.C. § 922(g) | 15 years' imprisonment<br>$250,000 fine<br>3 years' supervised release |
|  | Possession of a Firearm with an Obliterated Serial Number | 18 U.S.C. § 922(k) | 5 years' imprisonment<br>$250,000 fine<br>3 years' supervised release |